**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Hexagon Manufacturing Intelligence, LLC, a Delaware limited liability company; Hexagon Innovation Hub GmbH, a Swiss company** | * | **CIVIL ACTION** |
| | * | **NO.:** |
| **Plaintiff,** | * | **JUDGE:** |
| **v.** | * | |
| | * | **MAGISTRATE JUDGE:** |
| **N.C. Precision Corporation; Ngoc Lam, an individual; and DOES 1-10,** | * | |
| **Defendants.** | * | |

****************************************************************************

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, AND PERMANENT INJUNCTION**

Plaintiffs Hexagon Manufacturing Intelligence, LLC and Hexagon Innovation Hub GmbH assert the following claims against Defendants N.C. Precision Corporation, Ngoc Lam, and DOES 1-10.

**NATURE OF THE ACTION**

1. Plaintiff Hexagon Manufacturing Intelligence, LLC ("Hexagon") is a Delaware company and a world-renowned leader in computer-aided design and manufacturing technology. Hexagon and its affiliates, including Plaintiff Hexagon Innovation Hub GmbH ("HIH") (collectively, "Plaintiffs") own, develop, and/or licenses software to support design and manufacturing processes for tooling, production engineering, sheet metal, metal fabrication, and stone and woodworking, among other industries.

2. Hexagon's innovative "Edgecam" software affords the production machining market with the power of sophisticated toolpath generation and seamless computer-assisted design integration for milling, turning, and mill-turn machining.

3. HIH's "ESPRIT" software helps manufacturers revolutionize their manufacturing operations with true digital twin technology, artificial intelligence, next generation automation tools, and robust CAM programming to safely and efficiently drive all types of CNC machinery.

4. This is an action against N.C. Precision Corporation ("N.C. Precision"), a machining firm located in South Houston, Texas, and its current or former employee Ngoc Lam ("Lam") for infringing Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. § 101 et seq., arising out of N.C. Precision's and its employees' or agents', including Ngoc Lam and DOES 1-10, unauthorized copying of unlicensed Edgecam and ESPRIT software. N.C. Precision, Ngoc Lam, and DOES 1-10 are collectively referred to as "Defendants." Defendants committed willful and blatant acts of copyright infringement by improperly copying unlicensed software without authorization for their own financial gain.

5. Hexagon informed Defendants of their infringement and demanded they end the unlawful copying and use of the unlicensed Edgecam, Surfcam, and ESPRIT software. Defendants refused to come into compliance or remedy their wrongdoing.

6. Plaintiffs should be awarded injunctive relief and monetary damages to remedy and redress Defendants' willful piracy of Plaintiffs' copyrighted software.

## PARTIES

7. Hexagon is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at Hexagon Manufacturing Intelligence, 250 Circuit Drive, North Kingstown, Rhode Island 02852.

8. Hexagon owns and controls the copyrights and exclusive rights in the software it produces and non-exclusively licenses.

9. Specifically, Hexagon has obtained Certificates of Copyright Registration for its suite of Edgecam, including, but not limited to, Registration Numbers TX 4-086-003, TX 9-122-202, TX 9-190-568, TX 9-190-571, and TX 9-190-559, among others.

10. HIH is a Swiss company formed under the laws of Switzerland with its place of business at Heinrich-Wild-Strasse 201, 9435 Heerbrugg, Switzerland. HIH acquired all right, title, and interest in ESPRIT from Hexagon Technology Center GmbH.

11. Specifically, HIH acquired Certificates of Copyright Registration for its suite of ESPRIT products including, but not limited to, TX 8-870-208 and TX 9-345-837, among others.

12. Hexagon's and HIH's copyright protected software are collectively referred to as the "Copyrighted Works."

13. Defendant N.C. Precision exists under the laws of the state of Texas, with its principal place of business at 1410 Illinois Street, South Houston, Texas 77587.

14. On information and belief, Ngoc Lam ("Lam") and DOES 1-10 reside in Texas and are or were employed by N.C. Precision or work in this judicial district.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 et seq., seeking damages, injunctive, and other relief.

16. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(4) because Hexagon is a citizen of a U.S. state, HIH is a citizen of a foreign state, Defendants are citizens of a different U.S. state, and the amount in controversy is believed to exceed $75,000.

17. This Court has personal jurisdiction over N.C. Precision because it is a Texas corporation authorized to do business in Texas with its principal place of business in South Houston, Texas.

18. On information and belief, this Court has personal jurisdiction over Lam because he is a Texas resident who works in South Houston in this judicial district in Texas.

19. On information and belief, this Court has personal jurisdiction over DOES 1-10 because they are Texas residents who work in South Houston in this judicial district in Texas.

20. On information and belief, Defendants transact, conduct, and/or solicit business in Texas and within this judicial district, and Defendants committed tortious acts in Texas and this judicial district.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND FACTS

### Plaintiffs' Copyrighted Works

22. Planit Software Limited is an entity domiciled in the United Kingdom and the author of Edgecam and SurfcamEvo (i.e., rebranded Edgecam software) (collectively "Edgecam"). Pursuant to a distribution agreement, Planit Software Limited granted Vero Software Inc. (now known as Hexagon Manufacturing Intelligence, LLC) exclusive rights to reproduce, distribute, perform, and display Edgecam in the United States, including the right to enforce the copyrights and pursue any available legal remedies against infringers of Edgecam in the United States.

23. On June 17, 2021, Vero Software, Ltd. merged into Hexagon Manufacturing Intelligence, Inc. pursuant to an Agreement of Merger and Certificate of Merger of Foreign Corporation into a Domestic Corporation.

24. Planit Software Limited assigned and transferred all of Vero's rights and

obligations under the distribution agreement to Hexagon Manufacturing Intelligence, Inc., effective June 30, 2021.

25. On February 19, 2026, Hexagon Manufacturing Intelligence, Inc. converted to Hexagon Manufacturing Intelligence, LLC, which is referred to in this Complaint as "Hexagon."

26. Hexagon, therefore, owns exclusive rights to reproduce, distribute, perform, and display Edgecam in the United States, including the right to enforce the copyrights and pursue any available legal remedies against infringers of Edgecam in the United States.

27. Hexagon distributes and non-exclusively licenses Edgecam and ESPRIT to customers to assist with the operation of Computer Numerical Control ("CNC") machinery.

28. Edgecam and ESPRIT are computer-aided manufacturing ("CAM") systems that provide an excellent CAM platform to help businesses become more productive and profitable.

29. Plaintiffs do not manufacture CNC machinery. Although some CNC machinery is designed with integrated operating software, most commercial CNC machinery is separate from the operating software, allowing the machinery owner to select and buy the most appropriate applications to suit its needs.

30. The Edgecam and ESPRIT products allow a customer's computers and CNC machinery to work in tandem in a networked environment, designing, storing, and modifying files, and then using those files to fashion products for sale.

31. Critical to the success of their business, Plaintiffs protect their Copyrighted Works under the terms of an End User License Agreement ("EULA"). The EULA explicitly provides that Hexagon, as licensor, does not sell Plaintiffs' software to its customers.

32. In consideration of a customer's compliance with the terms of the EULA and payment of a license fee, Hexagon grants its legitimate customers, as licensees, a non-exclusive,

non-sublicenseable, non-transferable, limited license to install, access, and use the licensed software under the terms of the EULA.

33. The EULA is included as part of the installation process for each version of Edgecam and ESPRIT software. In turn, a user must agree to the terms of the EULA prior to installation.

34. To safeguard their Copyrighted Works, Plaintiffs implement security measures to discover and deter piracy. Specifically, the EULA permits Plaintiffs to utilize internal diagnostic tools ("technical protection measures" or "TPM") to detect the installation or use of unauthorized copies of the Copyrighted Works. The EULA also permits Plaintiffs to collect data about the illegal copies.

35. Using the TPM, Plaintiffs can monitor usage of their Copyrighted Works. This allows Plaintiffs to know if a product was downloaded and installed.

36. Users of the Copyrighted Works consent to the detection and collection of personally identifiable data, as well as transmission and use of that data if an illegal copy is detected.

37. Hexagon offers and sells Edgecam and ESPRIT licenses and maintenance support plans using established price lists.

38. Plaintiffs continually work to improve their products. Customers who utilize annually renewed maintenance support plans are entitled to new releases of the software products as well as certain updates and technical support.

39. Hexagon requires its new customers to purchase a maintenance support plan upon the purchase of new Edgecam or ESPRIT license. Customers are not required to, but may, purchase additional yearly maintenance support plans thereafter.

40. The Copyrighted Works contain material wholly original to Plaintiffs and consist of copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

41. Plaintiffs have not provided authorization, permission, or consent to Defendants to copy or install unlicensed infringing copies of Plaintiffs' Copyrighted Works.

**Defendants' Unlawful Conduct**

42. Like all users of Plaintiffs' Copyrighted Works, and as a prerequisite to installation, each time a person installs a valid version of Plaintiffs' software, the user is required to accept the terms and conditions of the click-through EULA.

43. Despite Plaintiffs' diligence to eliminate piracy affecting the development of new technology and causing significant revenue loss to software companies worldwide, Plaintiffs' TPM data capture system revealed that Defendants engaged in furtive, unlawful, and infringing conduct.

44. On or around June 6, 2025, Hexagon discovered that Defendants copied and accessed five unlicensed separate copies of Hexagon's Edgecam software, one unlicensed copy of Hexagon's Designer software, and one unlicensed version of HIH's Esprit software. The unlicensed Edgecam and ESPRIT software are collectively referred to as the "Infringing Products."

45. Hexagon's forensic investigation revealed that Defendants unlawfully copied the following:

| **Product** | **Machine ID** | **Computer Name** | **Username** | **IP Addresses** | **Date Infringed** |
|---|---|---|---|---|---|
| Edgecam 2018 | 118628770 | ncw5 | puma400 | 108.237.251.165; 75.51.33.200 | 04/29/2025 |
| Edgecam 2018 | 105247761 | phuclam | phucn | 70.140.6.198; 76.30.124.228 | 07/27/2024 |

| | | | | | |
|---|---|---|---|---|---|
| SurfcamEvo 2019 (i.e., Edgecam 2019) | 105247761 | desktop-vjahecf | phucn | 76.30.124.228 | 07/25/2024 |
| Edgecam 2019 | 105247761 | phuclam | phucn | 76.30.124.228 | 07/27/2024 |
| Edgecam 2022 | 105247761 | phuclamlaptop | phucngoc229 | 76.30.124.228 | 8/23/2023 |
| Designer 2022 | 105247761 | phuclamlaptop | phucngoc229 | 76.30.124.228 | 8/23/2023 |
| Designer 2023 | 105247761 | desktop-3hacmij | phucngoc229 | 76.30.124.228 | 8/23/2023 |
| Esprit 2020 | 105247761 | Phuclam | Phucn | 76.30.124.228 | 11/26/2024 |

46. Hexagon's forensic investigation shows email address phucngoc229@yahoo.com is connected to the unlicensed Edgecam 2022 product. Upon information and belief, "phucngoc229," "phucn," "phuclamlaptop," and "phuclam" and associated email address "phucngoc229@yahoo.com" refer to Defendant Ngoc Lam.

47. Hexagon's forensic investigation also reveals Defendants copied and/or accessed the Infringing Products at latitude 29°39'15.3"N and longitude 95°14'44.3"W which is N.C. Precision's principal place of business located at 1410 Illinois St., South Houston, Texas, 77587.

48. N.C. Precision is a turn-key machining firm that caters to "Oil & Gas, and Department of Defense companies" and provides "components for drilling subsea, down hole, research & development & prototyping." *See* https://ncprecisiontech.com/contact-nc-precision (last visited August 11, 2026). Its website boasts that it has "invested in cutting-edge state-of-the-art machine tools to ensure the tightest tolerances can be held." *See* https://ncprecisiontech.com/product-realization (last visited August 11, 2026).

49. Tellingly, N.C. Precision's website boasted use of a Doosan Puma 400L machine which is a heavy-duty horizontal CNC turning center featuring a 21-inch hydraulic chuck. *See* https://web.archive.org/web/20180531190256/http:/www.ncprecisiontech.com/ (last visited August 11, 2026). The username for one of the Infringing Products is puma400.

50. On information and belief, N.C. Precision uses the Infringing Products on the CNC

machinery referenced on N.C. Precision's website to create custom components, which it sells to its customers for a profit.

51. Defendants infringed Plaintiffs' Copyrighted Works without compensation to Plaintiffs and in direct violation of the EULAs and federal copyright law.

52. Hexagon demanded Defendants stop infringing the Copyrighted Works. Defendants have refused to confirm they will cease and desist and have refused to remedy their wrongdoing.

53. The value of the five unlicensed copies of Edgecam is $319,400 and the value of one unlicensed ESPRIT is $83,230.

54. Defendants have not paid for or otherwise obtained additional licenses to copy and access Edgecam or ESPRIT.

55. Without right or authorization, Defendants copied the Infringing Products presumably to use with N.C. Precision's CNC machinery at its facility in South Houston, Texas.

56. On information and belief, Defendants have a direct financial interest in the Infringing Products because they use the Infringing Products to conduct business, create files and/or to manufacture products for which they charge their customers.

57. On information and belief, Defendants have directly profited from their unauthorized and illegal use of the Infringing Products.

58. Defendants knew or should have known installation and use of the Infringing Products violated Plaintiffs' copyrights and the EULAs, especially because the Copyrighted Works contain explicit notices identifying the copyright owner.

59. Defendants are in willful violation of the law for downloading and using the Infringing Products without a valid license.

60. Plaintiffs' remedy at law is inadequate to compensate them fully for their injuries. Unless enjoined, Defendants' actions will likely continue, causing irreparable damage to Plaintiffs. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Plaintiffs complete monetary relief for continuing acts damaging Plaintiffs' intangible assets and goodwill. Absent injunctive relief, Plaintiffs will continue to be harmed by Defendants' infringing activities.

**COUNT I**
**Copyright Infringement against Ngoc Lam and DOES 1-10**
**(17 U.S.C. § 501)**

61. Plaintiffs incorporate and reallege, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

62. Plaintiffs own exclusive rights to reproduce, distribute, perform, and display the Copyrighted Works, and are entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 501 et seq.

63. Lam unlawfully copied, accessed, and/or distributed unlicensed Edgecam and ESPRIT software without Plaintiffs' authorization.

64. Lam's unauthorized actions infringed Plaintiffs' exclusive rights granted by the Copyright Act, 17 U.S.C. § 106.

65. Lam's acts of infringement are willful, in disregard of, and with indifference to, Plaintiffs' rights.

66. On information and belief, Lam profited by and through Lam's unlawful actions.

67. As a direct and proximate result of the infringement, Plaintiffs are entitled to actual damages and Lam's ill-gotten profits in amounts to be proven at trial.

68. Alternatively, at their election, Plaintiffs are entitled to statutory damages, up to the

maximum amount of $150,000 per infringing work for Lam's willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

69. Plaintiffs is entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

70. As a direct and proximate result of Lam's acts and conduct, Plaintiffs have sustained, and will sustain, substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Lam will likely continue to infringe Plaintiffs' rights in the Copyrighted Works.

**COUNT II**
**Vicarious Copyright Infringement Against N.C. Precision**
**(17 .S.C. § 501)**

71. Plaintiffs incorporate and reallege, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

72. Plaintiffs own exclusive rights to reproduce, distribute, perform, and display the Copyrighted Works, and are entitled to bring an action for copyright infringement pursuant to 17 U.S.C. §501 et seq.

73. On information and belief, N.C. Precision has a direct financial interest in the infringing activity of its employees, Lam and DOES 1-10, by profiting from the products they make, create, design, and sell.

74. On information and belief, N.C. Precision, as the employer, has the right and ability to supervise the infringing activity of its employees, including Lam and DOES-10.

75. N.C. Precision did not have Plaintiffs' authorization to install, use, distribute, or copy the infringing Copyrighted Works, nor to permit or authorize its employees and officers, including Lam and DOES 1-10, to install, use, distribute, or copy the Edgecam and ESPRIT

software.

76. On information and belief, N.C. Precision failed to stop or prevent its employees and officers, including Lam and DOES 1-10, from distributing, accessing, and/or copying unlicensed Edgecam and ESPRIT software.

77. On information and belief, N.C. Precision profited from the direct infringement by Lam and DOES 1-10 by selling products created with the use of the Infringing Products to its customers for its financial benefit.

78. As a direct and proximate result of the vicarious infringement by N.C. Precision, Plaintiffs are entitled to actual damages and N.C. Precision's profits in amounts to be proven at trial.

79. Alternatively, at its election, Plaintiffs are entitled to statutory damages, up to the maximum amount of $150,000 per infringing work for N.C. Precision's vicarious infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

80. Plaintiffs are further entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. §505.

81. As a direct and proximate cause of N.C. Precision's acts and conduct, Plaintiffs have sustained, and will sustain, substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, N.C. Precision and its employees, Lam and DOES 1-10 will likely continue to infringe Plaintiffs' rights in the Copyrighted Works.

**<u>COUNT III</u>**
**Permanent Injunction Against Defendants**
**17 U.S.C. § 502(a)**

82. Plaintiffs incorporate and reallege, as if fully set forth herein, the allegations

contained in the foregoing paragraphs of this Complaint.

83. Defendants copied, downloaded, and accessed unlicensed Infringing Products. Defendants have failed to confirm they will cease using the unauthorized software.

84. Defendants' blatant disregard for the law shows they are likely to continue to engage in future wrongful conduct.

85. Plaintiffs do not have an adequate remedy at law to guard against future infringement by Defendants.

86. Plaintiffs request a permanent injunction be entered against Defendants prohibiting continued infringement of Plaintiffs' copyrights pursuant to 17 U.S.C. § 502(a).

## PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants, and their affiliates, agents, servants, employees, partners and all persons in active concert or participation with it, for the following relief:

1. Award Plaintiffs actual damages and Defendants' profits in such amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory damages for each act of willful infringement; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2. Issue an order permanently enjoining Plaintiffs, and all persons acting in concert or participation with them, from infringing any of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

3. For treble damages, costs, and prejudgment interest, and for such other amounts as may be proven at trial or as otherwise provided by federal or state law.

4. For Plaintiffs' attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505, the EULA, and common law or statutory rights.

5. For other and further relief, in law or in equity, to which Plaintiffs may be entitled

or which the Court deems just and proper.

Dated: August 18, 2026

**Kutak Rock LLP**

s/ *Brian J. Wagner*
Brian J. Wagner, TX #24077212, SDTX Fed. No. 3382162
Sarah E. Elsden, WA #51158, Attorney-in-Charge
(*pro hac application to be filed*)
510 W. Riverside Avenue, Suite 800
Spokane, WA 99201
Telephone: (509) 747-4040
Facsimile: (509) 747-4545
brian.wagner@kutakrock.com
sarah.elsden@kutakrock.com
spokanelitigationfilings@kutakrock.com

*Counsel for Plaintiffs Hexagon Manufacturing Intelligence, LLC and Hexagon Innovation Hub GmbH*